UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIITASI T ALAPATI,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 21-cv-04144-SI<br>         20-cv-08058-SI (related)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

Currently before the Court is plaintiff Aliitasi Alapati's motion to remand. Dkt. No. 9. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and **VACATES** the August 20, 2021 motion hearing. Having carefully considered the papers submitted, the Court **DENIES** plaintiff's motion to remand.

**BACKGROUND**

On March 11, 2020, Plaintiff filed a complaint in San Francisco Superior Court against Defendants City and County of San Francisco ("the City"), "Nurse Goodai", and DOES 1 THROUGH 50 asserting ten causes of action relating to plaintiff's treatment as an inmate of the City's jail. Dkt. No. 1, Ex. A. On October 30, 2020, Plaintiff's sister handed proofs of service of summons and complaint at the Office of the City Attorney at 1390 Market Street with a city clerk, Andrea Brosnan. Dkt. No. 13, Exs. B, C; 14-1 (Alapati Decl.) at ¶¶ 4, 5. The summons identified the City and "Nurse Goodai" as defendants. Dkt. No. 13, Exs. B; C.

On or about March 29, 2021, defense counsel represented to plaintiff's counsel that defense counsel could not identify "Nurse Goodai" and stated "Nurse Goodai" had not been personally served. Dkt. No. 13-11 (Collins Decl.) at ¶ 2. On March 31, 2021, plaintiff's counsel emailed

defense counsel information about "nurse Goodai (or Godai)" and requested defense counsel notify plaintiff's counsel "if [defense counsel was] able to ascertain his identity with this information." Dkt. No. 13-11, Ex. A. On April 19, 2021, defense counsel notified plaintiff about the identity of nurse Giday Beshue. *Id*. at ¶ 4. On May 3, 2021, Plaintiff filed a First Amended Complaint ("FAC") in San Francisco Superior Court naming the City and Nurse Giday Beshue as defendants. Dkt. No. 13, Ex. H. On the same day, defense counsel accepted service on Defendant Beshue's behalf. Dkt. No. 13 at 3; 13-1 (Hannawalt Decl.) at ¶ 9.

On June 1, 2021, Defendant Beshue removed the case to this Court. Dkt. No. 1. The City consented to Defendant Beshue's removal. Dkt. No. 1 at 1. On June 30, 2021, Plaintiff filed a Motion to Remand to State Superior Court. Dkt. No. 9. On July 14, 2021, Defendant Beshue filed an opposition. Dkt. No. 13. On July 21, 2021, Plaintiff filed a reply. Dkt. No. 14.

## LEGAL STANDARD

A defendant may remove any civil action brought in a state court over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). A defendant must remove within 30 days of receiving plaintiff's initial pleading or, where the case is not removable based on the initial pleading, within thirty days of receiving an amended pleading, motion, order or other paper from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Generally, a summons must be served on each defendant with a copy of the complaint. FED. R. CIV. P. 4(c)(1). An individual "may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:

2

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

## DISCUSSION

Plaintiff argues Defendant Beshue's removal was untimely because Defendant Beshue was personally served on October 13, 2020, more than thirty days before removal. Dkt. No. 9 at 5. Defendant Beshue argues removal was proper because Defendant Beshue was served on May 3, 2021. Dkt. No. 13 at 3.

Plaintiff has failed to demonstrate that service was valid on October 13, 2020. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid."). Plaintiff failed to provide evidence showing that the city clerk, Andrea Brosnan, was Defendant Beshue's agent or authorized to accept service on Defendant Beshue's behalf. *See Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1248-249 (9th Cir. 1987) (explaining service on the defendant's law firm was ineffective absent specific authority from the defendant); *International Metaphysical Ministry Inc. v. Schaefer*, 18-cv-4524-SBA, 2018 WL 10560778 at *3 (N.D. Cal. Nov. 21, 2018) ("To effectuate service through an agent, that agent must have specific authority from his or her principal to accept service . . . agency cannot be established by the putative agent's conduct."). Indeed, the complaint and summons did not identify Defendant Behue and the March 31, 2021 email from plaintiff's counsel to defense counsel demonstrates plaintiff did not know the identity of "nurse Goodai (or Godai)" until after defense counsel was able to identify Defendant Giday Beshue. Dkt. No. 13-11, Ex. A. There is no evidence that Defendant Beshue had actual notice of the original complaint and Defendant Beshue did not appear in court until after the FAC was served on May 3, 2021. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("Rule 4 is a flexible rule that should be liberally construed so long as a

party receives sufficient notice of the complaint.") (internal citations and quotations omitted)

Given that Defendant Beshue was served on May 3, 2021, Defendant Beshue had until June 2, 2021 to remove. *See Murphy Bros.*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). On June 1, 2021, Defendant Beshue removed the case with Defendant the City's consent. *See* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."). Accordingly, Defendant Beshue's removal was proper and plaintiff's motion to remand is **DENIED**.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court **DENIES** plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated: August 17, 2021

SUSAN ILLSTON
United States District Judge